WILLIE B. HODGE AND MARY C. HODGE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5664-73.    Filed July 22, 1975.

*Sidney Ravkind,* for the petitioners.
*Johnny B. Mostiler,* for the respondent.

WILES, *Judge:* Respondent determined a deficiency of $2,335.35 in petitioners' 1971 income tax. The question is whether Willie B. Hodge (hereinafter petitioner) may exclude from income under section 104(a)(2)[1] all or a portion of the amount he received in settlement of a job discrimination suit under title VII of the Civil Rights Act of 1964[2] (hereinafter Civil Rights Act of 1964).

---

[1] Statutory references are to the Internal Revenue Code of 1954, as in effect in 1971.
[2] Pub. L. 88-352, sec. 706, July 2, 1964, 78 Stat. 259; 42 U.S.C. sec. 2000e-5(g), as in effect in 1971.

### FINDINGS OF FACT

Some facts were stipulated and are found accordingly.

Petitioner and his wife, Mary C. Hodge, resided in Houston, Tex., when they filed their joint 1971 income tax return and when they filed their petition in this case. They timely filed a joint income tax return for 1971 with the District Director of Internal Revenue, Austin, Tex.

On January 16, 1968, petitioner, Marcus Jones, Clifton Nickles, and Clarence L. Irving (collectively referred to hereinafter as plaintiffs) filed Civil Action No. 68-33 in the District Court of the United States for the Western District of Oklahoma (hereinafter District Court). That action, entitled "Petition for Relief from Job Discrimination," was filed against Lee Way Motor Freight, Inc. (hereinafter Lee Way).

The complaint alleged that plaintiffs, employed as truck drivers for Lee Way, were denied transfers from their jobs as "city drivers" to jobs as "line (long distance) drivers" because of their race. The complaint further alleged that Lee Way denied them the wage increases that would have resulted from the job transfers. The complaint did not allege that the Lee Way's discriminatory acts personally injured the plaintiffs. In their prayer for relief, plaintiffs' only claim for a monetary award was for back pay based on the difference between the salary for a line driver and the salary for a city driver from the time of discrimination to the date of judgment. The prayer did not contain a plea for personal injury damages.

The District Court granted Lee Way's motion for summary judgment, thus denying the plaintiffs' request for relief.

The United States Court of Appeals for the Tenth Circuit reversed and remanded for the determination of three issues, one of which was the amount of back pay to which the plaintiffs were entitled.

In 1971, after the case was remanded, Sidney Ravkind (hereinafter Ravkind), attorney for the plaintiffs in the discrimination suit and for the petitioners in this case, raised the question of personal injury damages for the first time. He threatened to amend the pleadings to include an allegation of personal injuries but never did so. Lee Way's major concern was at all times the back pay settlement and not the threatened amendment.

The parties settled the case and judgment was entered on August 6, 1971. The parties used a formula to arrive at a settlement based strictly upon the difference between what a line driver would make and what the plaintiffs had actually made in the years in question. The District Court decreed, in part, as follows:

5. That based on the difference in pay received by the average line driver and the pay received by the plaintiffs Jones, Hodge and Nickles during the period from July 6, 1966 to the date of plaintiffs' commencement of work as line drivers, such plaintiffs are entitled to be compensated as a result of defendant's discriminatory no-transfer policy in back pay and damages in the following amounts:

| | | |
|---|---|---|
| Plaintiff Marcus Jones | $24,899.43 | Plus back pay and damages from the |
| Plaintiff Willie B. Hodge | 23,563.66 | period of July 1 through July 31, |
| Plaintiff Clifton Nickles | 16,721.67 | 1971. |

July 6, 1966, was the date of the act of discrimination and August 1, 1971, was the last date on which the plaintiffs could report for work as line drivers.[3]

Although the judgment does contain the phrase "back pay and damages," it is not clear which party first introduced the phrase nor why it was inserted.

On their joint 1971 income tax return, petitioner and his wife excluded from income half of the amount recovered after expenses and attorneys' fees, $9,015.45, on the ground that this portion of the recovery from Lee Way was for personal injuries.

## ULTIMATE FINDING OF FACT

The entire amount recovered by petitioner was back pay.

## OPINION

Petitioner contends that job discrimination causes personal injuries, for example, psychic, mental, and emotional damage, and that the purpose of the Civil Rights Act of 1964 is to assure recovery for such injuries. All or a portion of the recovery may be designated back pay, but since the purpose of the statute is to assure recovery for personal injuries, this designation is

[3] The judgment of the District Court provides no relief for Clarence L. Irving, originally a plaintiff in the discrimination suit. After the suit was filed, he decided he did not want a transfer from the job of city driver to line driver and so the suit was dismissed, as to him, with prejudice.

unimportant. Since the recovery is, in reality, always for personal injuries, no matter what it is called, it is therefore excludable from income under section 104(a)(2).[4]

Title VII of the Civil Rights Act of 1964 empowers the District Court in a discrimination suit to order the payment of back pay.[5] Back pay is, of course, compensation for services and is normally an item of gross income under section 61. We find no support for petitioner's contention that all or a portion of a recovery under title VII of the Civil Rights Act of 1964 which is designated back pay is, in reality, a recovery for personal injury damages. Therefore, back pay recovered under the Civil Rights Act of 1964 is taxable in the same manner as back pay otherwise received.[6] Had there been no discrimination against the petitioner, he would have received a better job without a lawsuit and would have paid more taxes on increased pay as received. Because of discrimination, he received increased pay later than he should have, but this is no reason to exclude that pay from gross income. Use of the adjective "back" in the phrase "back pay" indicates a recovery of wages which should have been paid but were not.[7]

---

[4] SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS.

(a) IN GENERAL.—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include—
* * *
(2) the amount of any damages received (whether by suit or agreement) on account of personal injuries or sickness;

[5] 42 U.S.C. sec. 2000e-5(g), as in effect in 1971.

[6] Rev. Rul. 72-341, 1972-2 C.B. 32. See *Johnson v. Georgia Highway Express, Inc.,* 417 F. 2d 1122, 1125 (5th Cir. 1969), which states in part:

"It is clear that the element of back pay is remunerative in nature and is expressly provided for by the Act itself. 42 U.S.C. §2000e-5(g). Under that section, if the court finds illegal employment practices, one available remedy is reinstatement with or without back pay. The demand for back pay is not in the nature of a claim for damages, but rather is an integral part of the statutory equitable remedy, to be determined through the exercise of the court's discretion, and not by a jury. * * *"

[7] Petitioner cites a number of cases to support his argument that any amount recovered in a discrimination suit is excluded from income under sec. 104(a)(2), even if designated back pay. *Kober v. Westinghouse Electric Corp.,* 480 F. 2d 240 (3d Cir. 1973); *United States v. N. L. Industries, Inc.,* 479 F. 2d 354 (8th Cir. 1973); *Robinson v. Lorillard Corp.,* 444 F. 2d 791 (4th Cir. 1971), cert. denied 404 U.S. 1006 (1971); *Bowe v. Colgate-Palmolive Co.,* 416 F. 2d 711 (7th Cir. 1969); *United States v. Hayes International Corp.,* 415 F. 2d 1038 (5th Cir. 1969). These cases are not in point because they involve an entirely different issue which we need not reach in this case, namely, whether, as a matter of law, amounts recovered under the Civil Rights Act of 1964 may constitute personal injury damages within the meaning of sec. 104(a)(2). We have concluded that back pay recovered under the Civil Rights Act of 1964 is taxable; in the second issue of this case, we decided that the entire amount recovered by the petitioner is, in fact, back pay. In the second issue, had we decided, as a matter of fact, that a portion of the recovery constituted

The second issue is what portion of the net amount of $18,030.90 is, in fact, back pay. Petitioner contends that the full $18,030.90 is a judgment for personal injury damages and therefore excludable from income under section 104(a)(2) or, in the alternative, that half of this amount is so excluded. Respondent contends that the full $18,030.90 is back pay and is therefore taxable under section 61. We hold for the respondent.

There are a number of reasons for this holding. The complaint contains no allegation that plaintiffs suffered personal injuries because of the discrimination nor does the prayer for relief request damages for personal injuries. Petitioner testified that suit was filed against Lee Way to obtain the job and salary of a line driver and that as a result of the suit, he received the difference between what he was making at his old job and what a line driver was making.

The question of personal injuries was raised for the first time in 1971, 3 years after the complaint was filed. Ravkind intended to amend the complaint to seek other forms of damages in addition to back pay, but he never did so. Peter B. Bradford (hereinafter Bradford), attorney for Lee Way in the discrimination case, testified that Lee Way's primary concern in the case was the back pay settlement and that the threatened amendment was not a major factor.

In addition, Bradford testified that the formula used to arrive at a settlement was based strictly upon the difference between what an average line driver would make and what the plaintiffs had actually made in the years in question. The judgment of the District Court bears him out, for it utilizes a formula based on difference in pay. Although the District Court judgment at one point uses the phrase "back pay and damages," this vague phrase is insufficient to overcome the far more precise formula based upon the difference in pay. Furthermore, if the parties intended a combination of "back pay and personal injury damages," they should have used such a phrase instead of the more general "back pay and damages." Ravkind testified that he did not recall who first suggested "back pay and damages" and Bradford had no

---

personal injury damages instead of back pay, we would have also had to decide whether such recovery was excludable from gross income under sec. 104(a)(2). In view of our holding, we need not reach this issue.

recollection why that phrase was inserted. The parties placed no great emphasis on it; we see no reason why we should either.

Had personal injury damages constituted a part of the judgment, we are confident that the petitioner would have done far more than he did to assure himself of success in any dispute with the respondent over excluding his recovery. Specifically, the final settlement should have contained an allocation between back pay and damages, not a single lump sum.

We hold the petitioner has failed to carry his burden of proof. *Welch v. Helvering,* 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. He has not shown what portion, if any, of the settlement is for damages. We accordingly hold that the full $18,030.90 constitutes back pay.

*Decision will be entered for the respondent.*